IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN (GREENBELT) DIVISION

| | | |
|---|---|---|
| MARY UMPHRIES and ERIC UMPHRIES, | ) ) ) | |
| Plaintiffs, | ) ) | No.  8:12-cv-3403 |
| vs. | ) ) | |
| EVEREST RECEIVABLE SERVICES, INC., | ) ) ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) ) | |

## COMPLAINT

NOW COME the Plaintiffs, MARY UMPHRIES and ERIC UMPHRIES, by and through their attorney, MITCHEL E. LUXENBURG, and for their Complaint against the Defendant, EVEREST RECEIVABLE SERVICES, INC., Plaintiffs allege and state as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiffs are individuals who were at all relevant times residing in Sunderland, Maryland.

4. Plaintiffs are "consumers" as defined in 15 U.S.C. § 1692a(3), as they are natural persons allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiffs.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a corporation of the State of Delaware, which is licensed to do business in Maryland and which has its principal place of business in Cheektowaga, New York.

**ALLEGATIONS**

8. Defendant, through its agents, representatives and/or employees, began contacting Plaintiffs during or about August or September of 2012 in attempts to collect the aforementioned alleged debt, but failed the use Defendant's actual name in all communications with Plaintiffs. On at least one occasion, Defendant's agents, representatives, and/or employees, including, but not limited an individual representing himself as Jim Wheeler (hereinafter "Wheeler") referred to Defendant as "ERS Group & Associates."

9. On or about September 19, 2012, Wheeler placed telephone calls to Plaintiff Mary Umphries' parents and sister, and Plaintiff Eric Umpries' parents and former mother in law, (hereinafter "Plaintiffs' family") in further attempts to collect the alleged debt. During those

calls, Wheeler identified the name of the Defendant without having been requested to do so by Plaintiffs' family.

10. Wheeler had no reason to place telephone calls to Plaintiffs' family as Defendant already was in possession of valid contact information for the Plaintiffs themselves.

11. In at least one of the telephone messages left for Plaintiffs' family, Wheeler represented himself as a "legal" administrator" and stated that he believed Plaintiff's were not aware of the situation, when in fact Defendant had already contacted the Plaintiffs.

12. In a telephone communication with Plaintiff Mary Umphries, Wheeler stated that he worked for an attorney, and that her wages would be garnished if payment arrangements were not made.

13. Defendant had no intention of garnishing Plaintiff's wages at the time the threat was made, as Defendant did not have a judgment against Plaintiffs, and to date, Defendant has not filed a lawsuit against Plaintiffs in regard to the alleged debt.

14. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

    b. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

    c.    Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

    d.    Representing or implying that nonpayment of the alleged debt would result in the garnishment of Plaintiff's wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

    e.    Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    f.    Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

    g.    Using a business, company or organization name other than the true name of Defendant's company, in violation of 15 U.S.C. § 1692e(14); and

    h.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

15.    As a result of Defendant's violations as aforesaid, Plaintiffs have suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs, MARY UMPHRIES and ERIC UMPHRIES, respectfully pray for a judgment against Defendant as follows:

    a.    Statutory damages of $1,000.00 for each Plaintiff for each violation of the FDCPA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiffs hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their claims in this action.

Respectfully Submitted,

/s/
Mitchel E. Luxenburg (29092)
Attorney for Plaintiffs
Luxenburg & Levin, LLC
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com